UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY KWATINETZ, O'SHEA JACKSON,<br><br>      Petitioners,<br><br>  -against-<br><br>ROGER MASON,<br><br>      Respondent. | Civ. A. No. _____<br><br>**PETITION TO ENJOIN ARBITRATION** |

  Petitioners Jeffrey Kwatinetz and O'Shea Jackson (a/k/a Ice Cube) (collectively, "Petitioners"), by and through their undersigned attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, allege as follows in support of their Petition pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, for an order enjoining as against Petitioners the employment arbitration brought by Respondent Roger Mason ("Mason") in New York before the American Arbitration Association (the "AAA"), Case No. 01-18-0001-1291 (the "Arbitration").

### NATURE OF THE PROCEEDING

  1.  This is an action to enjoin Mason's attempt to improperly assert claims against Petitioners in a pending AAA Arbitration. The Arbitration relates to BIG3 Basketball LLC's ("BIG3" or the "Company") termination for cause of Mason's employment, and arises under an executive employment agreement (the "Employment Agreement") between Mason and the Company—*a contract to which neither Petitioner is a party*.

  2.  Jurisdiction for the Arbitration arises from an arbitration provision contained in Mason's Employment Agreement. The only parties and signatories to the Employment Agreement are Mason and BIG3.

3. Accordingly, Petitioners are individuals who are not parties to Mason's Employment Agreement or the arbitration provision contained therein, and Petitioners have not otherwise agreed to be bound by the arbitration provision or to arbitrate this dispute.

4. The law is clear—Petitioners are not a party to the agreement to arbitrate, have not consented to arbitrate, and cannot be joined to the Arbitration. The effort to join Mr. Kwatinetz and Mr. Jackson as respondents to the Arbitration exceeds arbitral authority and jurisdiction and should be enjoined.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs, and there is complete diversity as between all Petitioners and Respondent.

6. Venue is proper pursuant to 9 U.S.C. § 4. The Arbitration, which this Petition seeks to enjoin, is currently pending in New York.

## PARTIES

7. Petitioner Kwatinetz is a co-founder of BIG3. Mr. Kwatinetz currently resides in California.

8. Petitioner Jackson is a co-founder of BIG3. Mr. Jackson currently resides in California.

9. Respondent Mason is the former President and Commissioner of BIG3. Mason currently resides in New Jersey.

## FACTUAL BACKGROUND

**The Employment Agreement And Arbitration Clause Between The Company And Mason**

10.     BIG3 is a 3-on-3 professional basketball league which was formed as a limited liability company in Delaware in October 2016 by Petitioners Jackson and Kwatinetz.

11.     In November 2016, BIG3 hired Mason as President and Commissioner of BIG3, pursuant to the November 24, 2016 Employment Agreement. Epstein Decl., Ex. 1.

12.     Mason and BIG3 are the only parties to the Employment Agreement. Epstein Decl., Ex. 1, at 1 (Preamble).

13.     Mason and BIG3 are the only signatories to the Employment Agreement.



Epstein Decl., Ex. 1 at 20.

14.     The Employment Agreement contains an arbitration clause ("Arbitration Clause"). The Arbitration Clause includes an "Agreement to Arbitrate" between Mason and BIG3, which makes clear that it is an agreement between only those two parties, stating: "***The Company [BIG3] and Executive [Mason] agree*** that in the event of any dispute or claim relating to or arising out of the employment relationship contemplated by this Agreement, ***Executive and the Company agree to an arbitration*** as provided below in this Section 16." Epstein Decl., Ex. 1 § 16(a) (emphasis added).

3

15.     The Arbitration Clause also includes an express acknowledgment and waiver of a right to trial by judge and/or jury by Mason and BIG3: "*Executive [Mason] and the Company [BIG3] understand and agree*, that, by signing this Agreement, *Executive and the Company are expressly waiving* any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which Executive and the Company . . . have that are subject to arbitration under this Section 16." Epstein Decl., Ex. 1 § 16(e) (emphasis added).

16.     Neither Mr. Jackson nor Mr. Kwatinetz is a party to the Arbitration Clause (or the Employment Agreement), neither has agreed to be bound by it, and unlike Mason and BIG3, neither Mr. Jackson nor Mr. Kwatinetz has agreed to any waiver of their rights to a trial before a judge and/or jury.

17.     The Arbitration Clause provides that any arbitration will be before an AAA arbitrator and conducted in accordance with the AAA's National Rules for Resolution of Employment Disputes. The Arbitration Clause also provides that any arbitration will take place in New York, New York, and that the Arbitration Clause is an agreement to arbitrate under the FAA. Epstein Decl., Ex. 1 §§ 16(f)-(h).

18.     The Arbitration Clause sets forth certain limits on the arbitrator's authority. It exempts from arbitration workers compensation, ERISA, and certain other statutory claims. Epstein Decl., Ex. 1 § 16(b). It contains a class or collective action waiver, and, to the extent such waiver is found by a court to be ineffective, exempts from arbitration such class or collective action. *Id*. § 16(d). And it includes a delegation clause delegating disputes as to arbitrability of a particular type of issue or claim to the arbitrator. *Id*. § 16(j).

**The Company Terminates Mason For Cause And Mason's Subsequent Arbitration Demands**

19. On March 12, 2018, after a tenure marked by Mason's failure to perform his duties as President and Commissioner, and his consistent acts against the best interests of BIG3, BIG3 terminated Mason for cause, by notice pursuant to Section 8(f) of the Employment Agreement. *See* Epstein Decl., Ex. 2.

20. On March 13, 2018, Mason filed a Demand for AAA Arbitration ("Demand") pursuant to the AAA Employment Arbitration Rules. The Demand listed "breach of contract" and "defamation" as the operative claims, but did not provide any further detail as to the nature of these claims. The Demand named BIG3 and Mr. Kwatinetz as respondents, but, again, provided no further detail. The Demand also attached Mason's Employment Agreement. Epstein Decl. ¶ 4.

21. On May 29, 2018, Mason filed a Notice of Amended Demand and Statement of Claim ("Amended Demand"). The Amended Demand included a more detailed statement of claim and thirteen additional causes of action, and purported to join Mr. Jackson as a respondent. Epstein Decl. ¶ 6.

22. Although the Demand named Mr. Kwatinetz as a respondent and the Amended Demand names both Petitioners as respondents, neither the Demand nor the Amended Demand pleads any basis of jurisdiction over Mr. Jackson or Mr. Kwatinetz. Epstein Decl. ¶¶ 4, 6.

23. The Amended Demand appears to plead certain causes of action against Mr. Jackson and Mr. Kwatinetz individually, including defamation, retaliatory discharge, and joint and several liability against both Petitioners, and hostile work environment against Mr. Kwatinetz. Epstein Decl. ¶ 6.

**The Company's Answer And Counterclaims To Mason's Amended Demand**

24. On July 13, 2018, BIG3 filed its Answer to Mason's Amended Demand (the "Answer"). BIG3 also filed various counterclaims against Mason, including breach of contract, breach of fiduciary duty, and faithless servant. Epstein Decl. ¶ 7.

25. Petitioners did not join BIG3's Answer, and instead reserved their rights to contest AAA jurisdiction over Petitioners in a court of appropriate jurisdiction, as Petitioners are not parties to the Employment Agreement and object to the AAA's jurisdiction over them. Epstein Decl. ¶ 7.

26. On July 13, 2018, the arbitrator held an initial case management conference with counsel for all parties named in the Amended Demand. During this conference, Mason asserted that, notwithstanding the fact that neither Petitioner is a party to the Employment Agreement or the Arbitration Clause, the Arbitration Clause was binding upon Petitioners and gave the AAA jurisdiction over them. Epstein Decl. ¶ 8.

27. Petitioners disputed this, and informed the arbitrator of their intention to file the instant Petition before this Court. Epstein Decl. ¶ 8.

28. Because Petitioners Jackson and Kwatinetz are not a party to, and did not agree to be personally bound by, the Arbitration Clause, nor any other provision in the Employment Agreement, there is no basis for AAA jurisdiction over these individuals.

29. To the extent Mason seeks to arbitrate any claims arising from his employment, he must do so against his former employer: BIG3. Other than Mason himself, BIG3 is the only party and only signatory to the Employment Agreement, and thus the only purported respondent in the Arbitration over which there is AAA jurisdiction.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Permanent Injunction Pursuant to 9 U.S.C. § 4)

30. Petitioners repeat and re-allege paragraphs 1 through 29 hereof, as if fully set forth herein.

31. Petitioners seek an order enjoining the Arbitration as to Petitioners.

32. Petitioners are not parties to the operative Employment Agreement or Arbitration Clause, have not consented to Arbitration, and have not consented to the authority of the AAA over them.

33. Pursuant to 9 U.S.C. § 4, this Court has the authority to enjoin the Arbitration.

34. This Court should exercise its authority to relieve Petitioners from being forced to proceed with an Arbitration to which they did not consent to be bound.

35. No previous application has been made to this or to any other Court for the relief sought herein and no other provisional remedy has been sought in this or any other Court.

## PRAYER FOR RELIEF

Petitioners respectfully request an Order from this Court:

A. Enjoining arbitration of any and all claims by Mason against Petitioners;

B. Awarding Petitioners their attorneys' fees and costs; and

C. Granting such other and further relief as this Court deems just and proper.

7

DATED: New York, New York
July 24, 2018

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ Rachel E. Epstein
   Robert L. Raskopf
   Christopher D. Kercher
   Rachel E. Epstein

   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
   robertraskopf@quinnemanuel.com
   christopherkercher@quinnemanuel.com
   rachelepstein@quinnemanuel.com

   *Attorneys for Petitioners*

8